UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| JERMAINE DOSHON TRAVIS, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 6:19-cv-00147-GFVT |
| | ) | |
| v. | ) | |
| | ) | |
| WARDEN BARNHART, | ) | **MEMORANDUM OPINION** |
| | ) | **&** |
| Respondent. | ) | **ORDER** |
| | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Jermaine Doshon Travis is an inmate at the Federal Correctional Institution in Manchester, Kentucky. Proceeding without a lawyer, Travis filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1]. This matter is now before the Court on initial screening pursuant to 28 U.S.C. § 2243. *See Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). For the reasons set forth below, the Court will deny Travis's petition.

In 2015, Travis pled guilty to possession with the intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). The trial court then determined that Travis was a career offender pursuant to section 4B1.1 of the United States Sentencing Guidelines (U.S.S.G.) because he had at least two prior felony convictions involving controlled substances. As a result, Travis's sentence was enhanced, and the trial court sentenced him to 192 months in prison. *See United States v. Jermaine Doshon Travis*, No. 0:14-cr-253 (D. Minn. 2015).

Travis filed a direct appeal, and he argued that the trial court's 192-month sentence based on the career-offender enhancement was both procedurally and substantively unreasonable. The United States Court of Appeals for the Eighth Circuit, however, rejected Travis's arguments and

affirmed the judgment of the district court. *See United States v. Jermaine Doshon Travis*, 659 F. App'x 368 (8th Cir. 2016).

Travis has now filed a § 2241 petition with this Court. [R. 1]. Although Travis's petition is difficult to follow, he appears to be arguing that one of his prior drug convictions "is overbroad" and, thus, the trial court should not have counted it as a predicate offense for purposes of the career-offender enhancement. [R. 1 at 5; R. 1-1 at 8-11]. Ultimately, Travis asks this Court to "vacate [his] sentence and remand with instruction[s] to resentence [him] without the career offender enhancement." [R. 1 at 8].

Travis's petition, however, constitutes an impermissible collateral attack on his sentence. Although a federal prisoner may challenge the legality of his sentence on direct appeal and through a timely § 2255 motion, he generally may not do so in a § 2241 petition. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (explaining the distinction between a § 2255 motion and a § 2241 habeas petition). After all, a § 2241 petition is usually only a vehicle for challenges to actions taken by prison officials that affect the way the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). Simply put, Travis cannot use a § 2241 petition as a way of challenging his sentence.

It is true that, in *Hill v. Masters*, 836 F.3d 591 (6th Cir. 2016), the United States Court of Appeals for the Sixth Circuit indicated for the first time that a prisoner may challenge his sentence in a § 2241 petition. However, in doing so, the court expressly limited its decision to the following, narrow circumstances:

> (1) prisoners who were sentenced under the mandatory guidelines regime pre-*United States v. Booker*, 543 U.S. 220 . . . (2005), (2) who were foreclosed from filing a successive petition under § 2255, and (3) when a subsequent, retroactive change in statutory interpretation by the Supreme Court reveals that a previous conviction is not a predicate offense for a career-offender enhancement.

2

*Id.* at 599-600.

Those circumstances do not apply in this case. That is because the trial court sentenced Travis in 2015, well after the Supreme Court's decision in *Booker* made the sentencing guidelines advisory rather than mandatory. On this basis alone, Travis's petition does not fall within *Hill*'s limited exception for bringing a § 2241 petition to challenge his federal sentence. *See Loza-Gracia v. Streeval*, No. 18-5923 (6th Cir. March 12, 2019) ("Loza-Gracia cannot proceed under *Hill* because he was sentenced in 2011, long after the Supreme Court's January 2005 *Booker* decision made the guidelines advisory rather than mandatory."); *Contreras v. Ormond*, No. 18-5020 (6th Cir. Sept. 10, 2018) ("[The petitioner's] case does not fall within the narrow exception recognized by *Hill* because he was sentenced post *Booker* in 2009, under the advisory sentencing guidelines."); *Arroyo v. Ormond*, No. 17-5837 (6th Cir. April 6, 2018) (holding that since the petitioner was sentenced after *Booker*, his "claim does not fall within *Hill*'s limited exception for bringing a § 2241 habeas petition to challenge a federal sentence"). Thus, Travis's attack on the § 4B1.1 enhancement is unavailing.

Accordingly, it is **ORDERED** as follows:

1. Travis's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [**R. 1**] is **DENIED**;

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket; and

3. Judgment in favor of the Respondent shall be entered contemporaneously herewith.

This the 19th day of September, 2019.

Gregory F. Van Tatenhove
United States District Judge